**DECLARATION**

I declare under penalty of perjury under the laws of the State of Washington that, on January 11, 2001, I caused a copy of this document to be served upon Michelle Slack, U.S. Department of Justice, counsel for defendants, by depositing with an overnight courier for overnight delivery.

*L. Mauyn Pagen*

CC TO JUDGE __KN__

THE HONORABLE BARBARA JACOBS ROTHSTEIN

___ FILED  ___ ENTERED
___ LODGED ___ RECEIVED

FEB 14 2001

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

___ FILED  ___ ENTERED
___ LODGED ___ RECEIVED

JAN 11 2001   KN

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IRINA GORBACH, et al.,

    Plaintiffs,

v.

JANET RENO, et al.,

    Defendants.

NO. C-98-0278R **BJR**

[~~PROPOSED~~] ORDER GRANTING MOTION FOR PERMANENT INJUNCTION

    The matter came regularly before the Court on the motion of plaintiffs Irina Gorbach, et al. for summary judgment and permanent injunction. The Court has considered the motion, any response and any reply, and the entire record herein. Being fully advised herein,

    IT IS HEREBY ORDERED THAT, in accordance with the opinion and mandate of the Court of Appeals in Gorbach v. Reno, 219 F.3d 1087, 1091 (9th Cir. 2000) (en banc), the aforesaid motion shall be and hereby is GRANTED; and it is

    Further ORDERED that there is no dispute as to any fact material to Count I of plaintiffs' complaint, and that plaintiffs are entitled to summary judgment on that claim; and it is

[PROPOSED] ORDER - 1
[27914-0001/SL003782.317]

**ORIGINAL**


148

Further ORDERED that plaintiffs have no adequate remedy at law and are entitled to a permanent injunction; and it is

Further ORDERED that defendants Janet Reno, Doris Meissner, the Immigration and Naturalization Service, any and all of their successors, officers, agents, servants, employees, and attorneys, and any persons in active concert or participation with defendants shall be, and hereby are, permanently ENJOINED from applying or enforcing the regulations found at 8 C.F.R. § 340.1, from initiating or continuing administrative denaturalization proceedings pursuant to 8 C.F.R. § 340.1, and from denying to any individual the rights or benefits of United States citizenship as the result of such proceedings; and it is

Further ORDERED that defendants shall forthwith reinstate and return all certificates of naturalization heretofore revoked as a result of proceedings conducted pursuant to 8 C.F.R. § 340.1; and it is

Further ORDERED that Counts II and III of plaintiffs' complaint be, and hereby are, DISMISSED AS MOOT WITHOUT PREJUDICE; and it is

Further ORDERED that defendants shall send notification of this order to all class members in the form attached hereto.

Further ORDERED that final judgment be entered in favor of plaintiffs in accordance with this order.

ENTERED this __13th__ day of __February__, 2001.

_____
THE HONORABLE BARBARA JACOBS ROTHSTEIN

Presented by:

PERKINS COIE LLP

By _____
David J. Burman, WSBA #10611
Victor Cerda, WSBA #28532
1201 Third Avenue, 40th Floor
Seattle, WA 98101-3099


GIBBS HOUSTON PAUW

By _____
Robert H. Gibbs, WSBA #5932
1111 Third Avenue, Suite 1210
Seattle, WA 98101

[PROPOSED] ORDER - 3
[27914-0001/SL003782.317]

## NOTICE TO PERSONS WHO WERE ISSUED NOTICES OF INTENT TO REVOKE CITIZENSHIP

According to INS records, you were issued a Notice of Intent to Revoke Citizenship from the INS. <u>This is to inform you that INS is permanently enjoined from continuing with the process of administrative denaturalization.</u>

The Ninth Circuit Court of Appeals on July 20, 2000, held that the INS was without the statutory authority to administratively revoke the U.S. citizenship of naturalized citizens. *Gorbach v. Reno*, 219 F.3d 1087 (9th Cir. 2000). Therefore, the INS will not be applying and enforcing its <u>administrative</u> denaturalization regulations and will not be denying U.S. citizenship as a result of these regulations. The INS may still elect to pursue <u>judicial</u> revocation of naturalization.

If you have questions about the application of the injunction to your case, please contact class counsel: Linton Joaquin, National Immigration Law Center, 3455 Wilshire Blvd. Suite 2850, Los Angeles, CA 90010; (213) 639-3900; http://www.nilc.org.

## NOTICE TO PERSONS WHOSE UNITED STATES CITIZENSHIP WAS RESCINDED BY INS BASED ON ALLEGED FRAUD OR MISTAKE

According to INS records, your U.S. citizenship was revoked by the Immigration and Naturalization Service (INS) prior to the issuance on July 9, 1998 of a preliminary injunction stopping such administrative denaturalizations. <u>This is to inform you that INS is required to reinstate your citizenship and return your certificate of citizenship.</u>

The Ninth Circuit Court of Appeals on July 20, 2000, held that the INS was without the statutory authority to administratively revoke the U.S. citizenship of naturalized citizens. ***Gorbach v. Reno***, 219 F.3d 1087 (9th Cir. 2000).

Therefore, citizenship will be reinstated and all certificates of citizenship which were revoked under the regulations will be returned. The INS will not be applying and enforcing its <u>administrative</u> denaturalization regulations and will not be denying U.S. citizenship as a result of these regulations. The INS may still elect to pursue <u>judicial</u> revocation of naturalization.

If you have questions about the application of the injunction to your case, please contact class counsel: Linton Joaquin, National Immigration Law Center, 3455 Wilshire Blvd. Suite 2850, Los Angeles, CA 90010; (213) 639-3900; http://www.nilc.org.